UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ING. DIPL.-ING. (FH) ELHAR MUMINOVIC,<br><br>Plaintiff,<br><br>-against-<br><br>BLIZZARD ENTERTAINMENT, INC.,<br><br>Defendants. | 1:22-CV-7291 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Linz, Austria, brings this *pro se* action against Blizzard Entertainment, Inc., of Irvine, California, seeking what appears to be monetary damages and declaratory relief. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Central District of California.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not allege that Defendant resides in this judicial district or that any of the events giving rise to his claims occurred within this judicial district. Thus, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that Defendant resides in Irvine, Orange County, California, which is within the Central District of California. *See* 28 U.S.C. § 84(c)(3). Accordingly, venue lies in the United States District Court for the Central District of California, *see* § 1391(b)(1), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 29, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge